[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE APPORTIONMENT COMPLAINT
This action arises out of a slip and fall on snow and ice by the plaintiff, Robert Dixon, on January 15, 1998, while on premises owned by the defendant, Fusco Farmington Associates Limited Partnership (Fusco). Dixon filed a complaint on December 9, 1999, and an amended complaint on March 3, 2000, alleging that Dixon's injuries were the result of Fusco's carelessness and negligence. Subsequently, Fusco filed a motion to implead Burhoe Landscaping and Lawn Service, LLC (Burhoe Landscaping), a snow removal contractor, which was granted by the court, Mullarkey, J., on May 1, 2000. Fusco filed an apportionment complaint against Burhoe Landscaping on April 24, 2000, alleging carelessness and negligence, and further filed a third party complaint against Burhoe Landscaping on May 16, 2000, seeking contractual and common law indemnification.
Burhoe Landscaping now moves to strike Fusco's apportionment complaint on the ground that Fusco is improperly attempting to apportion its nondelegable duty to keep its premises safe. As required by Practice Book § 10-42, Burhoe Landscaping filed a memorandum in support of its CT Page 14830 motion to strike, and Fusco timely filed a memorandum in opposition.
"The purpose of a motion to strike is to contest. . .the legal sufficiency of the allegations of any [complaint] . . . to state a claim on which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Waters v. Autuori, 236 Conn. 820, 825, 676 A.2d 357 (1996). "If facts provable under the allegations would support a defense or a cause of action, the motion to strike must be denied." RK Constructors, Inc.v. Fusco Corp., 231 Conn. 381, 384, 650 A.2d 153 (1994). "The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.) Waters v. Autuori, supra, 825.
Burhoe Landscaping argues that apportionment is improper because Fusco owed a nondelegable duty to Dixon to keep its premises safe. Fusco argues that an independent contractor is liable to anyone who may be foreseeably injured by the contractor's negligence.
"An apportionment complaint brought pursuant to [General Statutes §] 52-102b which seeks apportionment of liability is restricted to defendants who may be liable to the plaintiff for negligence. . . ." (Citation omitted; emphasis added; internal quotation marks omitted.)Uliano v. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998,Grogins, J.) (23 Conn.L.Rptr. 335). It must be determined, therefore, whether Burhoe Landscaping may be liable to Dixon for negligence, i.e., whether it owed a duty to Dixon.
There is a split of authority among the judges of the Superior Court regarding whether an owner of premises may bring an independent contractor into a negligence action for apportionment purposes. "One line of cases holds that a defendant in possession of the premises has a non-delegable duty to maintain the premises in a reasonably safe condition which precludes the defendant from seeking an apportionment of damages from an independent contractor." Riggione v. Kmart Corp., Superior Court, judicial district of New Haven at New Haven, Docket No. 425255 (January 11, 2000, Alander, J.) (granting motion to strike on this theory); see also Duerr v. Sage Associates, Superior Court, judicial district of New London at New London, Docket No. 539139 (March 15, 1999,Martin, J.); Fullerton v. Wawa, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 406911 (December 15, 1998,Silbert, J.) (23 Conn.L.Rptr. 549).
The other line of cases hold that an independent contractor is liable CT Page 14831 for its negligent acts or omissions in failing to keep the premises reasonably safe and may be brought into the negligence action for apportionment purposes. See Gulisano v. National Amusements, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 065495 (July 29, 1999, Thompson, J.) (25 Conn.L.Rptr. 203); Ulianov. East Hill Woods, Inc., Superior Court, judicial district of Ansonia-Milford at Milford, Docket No. 061900 (November 9, 1998,Grogins, J.) (23 Conn.L.Rptr. 335).
In light of the Superior Court's split of authority on this issue, it is the opinion of this Court that the former line of reasoning is more persuasive. Those cases follow the common law view that a landowner has a nondelegable duty to maintain its premises. "The possessor's duty to maintain the property in a reasonably safe condition is nondelegable. The possessor of property cannot relieve [itself] of [its] responsibility by contracting it away." Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255.
"The defendant, as the owner of the property in question, has a non-delegable duty to keep the premises reasonably safe. . . . The imposition by law of a non-delegable duty means that the defendant is vicariously liable for the negligent acts of its independent contractors, such as the apportionment defendant. . . . Under the principles of vicarious liability, the negligent acts of the apportionment defendant are imputed to the defendant; there are not separate acts of negligence by the defendant and the apportionment defendant for which liability could be apportioned." Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255.
In this action, Fusco owed Dixon a nondelegable duty to keep its premises safe and should not be allowed to seek apportionment from a snow removal contractor that had no control over the premises when the alleged incident occurred. Further, Fusco will not necessarily be left without a remedy by the "unavailability of apportionment," since it can always seek indemnification against Burhoe Landscaping for any damages that may be awarded against it as a result of Burhoe Landscaping's negligence.Riggione v. Kmart Corp., supra, Superior Court, Docket No. 425255.
Fusco has a nondelegable duty to maintain its premises in a reasonably safe condition. Accordingly, Burhoe Landscaping's motion to strike Fusco's apportionment complaint is granted.
Hale, JTR.